UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID WILLIAM ANGELO
322 W 57th Street
New York, NY 10019

    *Plaintiff,*

    v.

UNITED STATES DEPARTMENT OF STATE
The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street, NW
Washington, D.C. 20522

    *Defendant.*

Civil Action No. 23-3699

## COMPLAINT

Plaintiff David William Angelo ("Plaintiff") brings this judicial review and action against Defendant United States Department of State ("Defendant" or "DOS" or "agency"). In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks the production of responsive records concerning the Department of State's Global Engagement Center. The best representation of Plaintiff's request is the agency's receipt email quoting Plaintiff's properly submitted request attached to this Complaint as Exhibit 101.

3. Defendant has violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to produce the responsive, non-exempt records according to law.

## PARTIES

4. Plaintiff, David William Angelo, is a comedian, journalist and television writer. Plaintiff made the request at issue in this judicial review on April 24, 2019.

5. Defendant United States Department of State is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to this request.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This case presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's FOIA Request

8. Plaintiff, David William Angelo, is a comedian, journalist and television writer. Plaintiff appears regularly on Fox News as a guest and has a podcast/YouTube channel. Plaintiff is a representative of the news media who is seeking information as part of a news gathering effort and not for commercial use.

9. Plaintiff has made a request for all responsive records concerning the Global Engagement Center ("GEC"). The time period of the request is from December 1, 2019 to April 24, 2019. Specifically, Plaintiff Requests:

    a. All records related to funds spent by DOS as a result of the Countering Foreign Propaganda and Disinformation Act of 2016;

    b. Details of the outlays by the Global Engagement Center during 2016-2019;

    c. A list of the GEC partners as identified in a statement on the DOS website, stating "One of the GEC's overarching strategies is to identify, cultivate, and expand a global network of partners whose voices resonate with individuals most vulnerable to harmful propaganda";

    d. Detailed descriptions of all content produced or funded directly by the GEC and all records related to such production;

    e. Grants or payments made by DOS to any news organization or individual journalists; and,

    f. All annual budgets for the Global Engagement Center.

10. The purpose for requesting the records is for news gathering and journalism.

11. On April 24, 2019, Plaintiff submitted a FOIA request for records to DOS through an online portal. Exhibit 101 is Plaintiff's FOIA Request Language and the Agency's Confirmation of Receipt and it is attached and made part of this Complaint.

12. On April 24, 2019, the DOS confirmed the request via email. *Id.* Plaintiff also received a letter from DOS, dated August 9, 2019, acknowledging receipt of the request and notifying Plaintiff that there would be a delay in processing his request. Exhibit 102 is the Agency Acknowledgement Letter and it is attached and made part of this Complaint.

13. On or about October 7, 2019 Plaintiff made an oral estimated completion date ("ECD") demand on his request via telephone.

14. On October 24, 2019, Defendant responded to Plaintiff's ECD demand regarding Case Control Number F-2019-05476 and provided an ECD of July 30, 2022. Exhibit 103 is Defendant's October 24, 2019, Response Email and it is attached and made part of this Complaint.

15. On September 18, 2023, Plaintiff sent another ECD demand to Defendant via email. Exhibit 104 is Email Correspondence from September 18, 2023, through November 20, 2023, and it is attached and made part of this Complaint.

16. On October 24, 2023, Defendant responded to Plaintiff's September 18, 2023, ECD demand and issued a new ECD of August 16, 2025. *Id.*

17. On October 25, 2023, Plaintiff indicated that he wanted his request to be referred to the Public Liaison and noted that over 6 years did not seem like a reasonable response time for the request. *Id.*

18. On November 20, 2023, a FOIA Program Manager/FOIA Public Liaison from DOS responded to Plaintiffs October 25, 2023 email. *Id.* The email stated that the request was in the review stage but that the agency was "hopeful" that the request "may be at least partially completed prior to the EDC of August 2025." *Id.*

19. More than 20 working days have elapsed since Plaintiff's request was received by Defendant.

20. To this date, no final determination has been made on Plaintiff's request and no records have been produced by Defendant to Plaintiff.

21. Plaintiff has constructively exhausted all administrative remedies and this matter is ripe for de novo judicial review.

## LEGAL FRAMEWORK OF FOIA

22. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

23. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. §552(a)(4)(B).

24. Under FOIA, the federal agency has the burden to sustain its actions. *Id*.

25. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

26. Plaintiff realleges paragraphs 1 through 25 above as if fully set forth herein.

27. The request in this matter seeks the disclosure of all agency records responsive to Plaintiff's request and was properly made.

28. DOS is a federal agency subject to the FOIA.

29. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

30. DOS failed to issue determinations within the statutory deadline.

**COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

31. Plaintiff realleges paragraphs 1 through 30 above as if fully set forth herein.

32. DOS has failed to conduct a reasonable search for all records responsive to the request.

**COUNT III – DEFENDANT'S FAILURE TO PRODUCE RECORDS**

33. Plaintiff realleges paragraphs 1 through 32 above as if fully set forth herein.

34. DOS has failed to promptly produce all records, or portions of records, responsive to the Plaintiff's request.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff asks the Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for all records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to make all non-exempt records or portions of records promptly available to Plaintiff;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff's attorney fees and costs; and,

vii. Award such other relief the Court considers appropriate and just.

Dated: December 12, 2023

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law LLC
PO Box 10836

Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Lead attorney for Plaintiff*